UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Cargill, Incorporated,

    Plaintiff,

v.

National Union Fire Insurance
Company of Pittsburgh, Pa.,

    Defendant.

Case No. 21-cv-2563 (WMW/DTS)

**ORDER**

---

    Before the Court is Plaintiff Cargill, Incorporated's ("Cargill") appeal, (Dkt. 127), of the May 23, 2023 Order of United States Magistrate Judge David T. Schultz, (Dkt. 122). The May 23, 2023 Order granted Defendant National Union Fire Insurance Company of Pittsburgh, Pa.'s ("National Union") motion to amend its answer to assert a counterclaim, denied Cargill's motion to amend its complaint and denied Cargill's motion to correct and supplement the record. For the reasons addressed below, the Court affirms the May 23, 2023 Order.

## BACKGROUND

    This matter arises out of an insurance coverage dispute between Cargill and National Union. From 2009 to 2016, a group of Cargill's employees and one of its suppliers defrauded Cargill. Cargill subsequently made a claim through its insurance policy issued by National Union. After National Union disputed the coverage, Cargill initiated this litigation against National Union, seeking declaratory judgment that National Union must pay Cargill the policy limits under the applicable insurance policy. National

Union subsequently determined that Cargill suffered a covered loss totaling approximately $17 million, and National Union paid Cargill $4 million.[1]  Cargill contends that the total loss exceeds $44 million.  Cargill now brings this matter to recover the difference between the $4 million it has received from National Union and the policy limit of $25 million.

In February 2023, National Union moved to amend its answer to add a counterclaim against Cargill.  National Union contends that it received information during discovery that it requested but did not receive during the claims investigation because Cargill denied the existence of the information.  Because of those misrepresentations, National Union seeks to add a counterclaim to void the insurance policy under its fraud provision.  Cargill opposed the motion and moved to amend the complaint to add a claim under Minn. Stat. § 604.18, alleging that National Union's attempt to void the policy is made in bad faith.  Shortly after the March 21, 2023 hearing on these motions, Cargill also moved to "correct and supplement" the record, arguing that National Union made misrepresentations at the hearing about when and whether National Union had access to information that it relies on for its proposed counterclaim.

On May 23, 2023, Magistrate Judge Schultz granted National Union's motion to amend its answer to assert a counterclaim, denied Cargill's motion to amend its complaint and denied Cargill's motion to correct and supplement the record.  Cargill now appeals the May 23, 2023 Order.

---

[1] National Union arrived at around $4 million after subtracting its $10 million deductible and Cargill's other recovery.

2

## ANALYSIS

When reviewing an appeal of a magistrate judge's ruling on a non-dispositive issue, the standard of review is "extremely deferential." *Johannessohn v. Polaris Indus., Inc.*, No. 16-CV-3348 (WMW/LIB), 2022 WL 3585152, at *2 (D. Minn. Aug. 22, 2022); *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). Such a ruling will be modified or set aside only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *see also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). When a court "fails to apply or misapplies relevant statutes, case law or rules of procedure," its decision is contrary to law. *Id.* (internal quotation marks omitted).

Cargill objects to the May 23, 2023 Order, arguing that the magistrate judge erred by (1) granting National Union's motion to amend its answer and (2) denying Cargill's motion to amend the complaint. The Court addresses each argument in turn.

I.  **National Union's Motion to Amend Its Answer**

Cargill contends that the magistrate judge committed plain error by allowing National Union to amend its answer because National Union's amendment is futile. The futility arises, Cargill argues, because the amendment fails to plead fraud with specificity and is grounded in information that is not relevant to the insurance claims. Cargill also contends that the magistrate judge erred because National Union lacked good cause to

3

amend. National Union opposes the motion, arguing that the counterclaim is not futile and that the determination of good cause is well founded.

Rule 15 "requires the court to 'freely give leave' to amend 'when justice so requires.' " *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). "A motion to amend *may* be denied for compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* at 613 (emphasis added) (citations and internal quotation marks omitted). "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (internal quotation marks omitted). When a motion to amend a pleading is opposed on grounds of futility and a party seeks review of the magistrate judge's determination of the issue, the district court's review is *de novo*. LR 72.2(a)(3).

Here, the magistrate judge granted National Union's motion to amend its answer, concluding that the amendment was not futile and good cause existed for National Union to do so. After conducting a *de novo* review, the Court agrees. National Union's amendment is not futile. National Union has met the pleading standards as established by the Federal Rule of Civil Procedure, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Moreover, many of Cargill's futility arguments pertain to the weight of the facts alleged in the case. At this stage in the proceedings, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Blankenship v. USA Truck, Inc.*, 601

4

F.3d 852, 853 (8th Cir. 2010). As such, the Court concludes that National Union's amendment is not futile.

Having determined that the amendment is not futile, the Court next considers whether good cause exists to change the Court's scheduling order and allow National Union to amend its answer. The moving party must demonstrate good cause in order to amend a pleading. Fed. R. Civ. P. 16(b)(4). When assessing good cause, the moving party's diligence in attempting to abide by the scheduling order's timelines is the prominent consideration. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). A change in the law, newly discovered facts, or other changed circumstances may constitute good cause to amend a scheduling order. *Id.* at 718.

Cargill contends that National Union has not met the good-cause requirement because National Union had the relevant documents to make a counterclaim. National Union claims that it received the documents for the counterclaim when discovery was provided in December 2022 and January 2023. The magistrate judge concluded that National Union has diligently pursued this information throughout the claims adjudication process and that both parties are arguing for their positions in good faith. Having reviewed the record, the Court agrees. Good cause existed to modify the scheduling order. The magistrate judge's decision was neither clearly erroneous nor contrary to law.

In summary, the May 23, 2023 Order granting National Union's motion to amend is affirmed.

**II.     Cargill's Motion to Amend the Complaint**

Next, Cargill challenges the magistrate judge's denial of Cargill's motion to amend the complaint. Specifically, Cargill contests the magistrate judge's conclusion that Cargill's proposed amendment fails the futility test. The Court conducts a *de novo* review of the magistrate judge's decision to deny Cargill's motion to amend.

Cargill's proposed amendment would add a claim under Minn. Stat. § 604.18, which provides a cause of action against an insurer who acts in bad faith in denying insurance benefits. To establish bad-faith denial of insurance benefits, under Minn. Stat. § 604.18, subd. 2(a), an insured must show: (1) the absence of a reasonable basis for denying the benefits of the insurance policy; and (2) that the insurer knew of the lack of a reasonable basis for denying the benefits of the insurance policy or acted in reckless disregard of the lack of a reasonable basis to do so. *Friedberg v. Chubb & Son, Inc.*, 800 F. Supp. 2d 1020, 1025 (D. Minn. 2011). Courts have articulated a two-part test for liability under this section. First, "whether a reasonable insurer would have denied or delayed payment of the claims under the facts and circumstances" at issue. *Id*. Second, a district court looks at "what the insurer knew and when." *See Adam v. Stonebridge Life Ins. Co.*, 612 F.3d 967, 974 (8th Cir. 2010).

Here, as to part one, Cargill does not make any allegation regarding a *denial or delay of benefits*. Instead, Cargill's allegations are premised on National Union's attempt to void the policy under its fraud provision. But the language of Minn. Stat. § 604.18 pertains to an insurer's *denial* or *delay* of payment of the claims. *See Friedberg*, 800 F. Supp. 2d at 1025; *see also Selective Ins. Co. of S.C v. Sela*, 353 F. Supp. 3d. 847, 856-83 (D. Minn.

2018). It is undisputed that National Union has already decided the policy claim and paid Cargill. Indeed, Cargill does not allege that National Union *denied* or *delayed* payment. Rather, Cargill alleges that National Union violated the statute by attempting to void the policy. Cargill does not cite, nor is the Court aware of, any legal basis to support the contention that Minn. Stat. § 604.18 applies under these circumstances. Cargill fails to state a claim that would withstand a motion to dismiss under Rule 12(b)(6). *See Hillesheim*, 897 F.3d at 955. Accordingly, the May 23, 2023 Order denying Cargill's motion to amend is affirmed.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** the May 23, 2023 Order, (Dkt. 122), is **AFFIRMED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 27, 2023                    s/Wilhelmina M. Wright
                                             Wilhelmina M. Wright
                                             United States District Judge